IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, | : <br> : <br> : <br> : <br> : | S E C O N D <br> S U P E R S E D I N G <br> I N D I C T M E N T |
| v. | : <br> : <br> : | CRIMINAL NO. 97-091 (JAF) |
| [1] YAMIL H. KOURI PEREZ, <br>    [COUNTS 1, 2, 7, 9 - 32, <br>    and 34] | : <br> : <br> : | CRIMINAL VIOLATIONS: <br> 18 USC §371 |

[1] YAMIL H. KOURI PEREZ,
   [COUNTS 1, 2, 7, 9 - 32,
   and 34]
[2] JEANNETTE A. SOTOMAYOR VAZQUEZ,
   [COUNT 1, 4, 6, 7, 8 and 34]
[3] ANGEL L. CORCINO MAURAS,
   [COUNT 1, 2, 3, 4, 5, 7, 9 -
   32, and 34]
[4] JULIO R. CORCINO MAURAS,
   [COUNT 1, 3, and 34]
[5] JUAN E. RIZEK NASSAR,
   [COUNT 1, 6, 7, and 34]
[6] RAFAEL A. RIZEK NASSAR,
   [COUNT 1, 6, and 34]
[7] MILAGROS GARCIA LEON,
   [COUNT 1, 4, 8, and 34]
[8] ARMANDO BOREL BARREIRO,
   [COUNT 1, 5, 7, and 34]
[9] EDGARDO ROSARIO BURGOS,
   [COUNT 1, 33, and 34]
Defendants.

CRIMINAL VIOLATIONS:

18 USC §371
[COUNT 1]
18 USC 666
[COUNTS 2 - 7, AND 33]
18 USC §1512(b)
[COUNT 8]
18 USC §1956(a)(1)(B)(i)
[COUNTS 9 - 20]
18 USC §1956(a)(1)(B)(ii)
[COUNTS 21 - 32]
18 USC §982
[COUNT 34]

(THIRTY-FOUR COUNTS)

The Grand Jury charges that:

<u>COUNT I</u>

<u>Conspiracy to Commit Theft
Concerning Program Receiving Federal Funds</u>

18 USC §371

<u>GENERAL ALLEGATIONS</u>

1.    At times material to this Indictment, Advanced Community

Health Services, Inc., (hereinafter "ACHS"), was a for profit

corporation which was incorporated under the laws of the

Commonwealth of Puerto Rico on or about August 21, 1987.

RECD. TO JUDGE
OF the
BY Λ # 229

SECOND SUPERSEDING INDICTMENT
Criminal No. 97-091(JAF)
Page 2

2.   At times material to this Indictment ACHS contracted with the Municipality of San Juan, for the purpose of creating, developing, and administering the "Instituto del Sida de San Juan", or the San Juan Aids Institute, (hereinafter "ISSJ"), in conjunction with Harvard Institute for International Development, (hereinafter "HIID").

3.   At times material to this Indictment, ISSJ was an operational branch of the Municipality of San Juan, dedicated to the comprehensive treatment of persons afflicted with Acquired Immune Deficiency Syndrome, (hereinafter "AIDS"), which was fully administered by ACHS.

4.   On or about January 19, 1988, the ISSJ began its operations as an organization presumably dedicated to the comprehensive treatment of the AIDS crisis in San Juan.

5.   On or about June 4, 1990, ACHS changed its corporate status to that of a non-profit corporation, in order to facilitate its receipt of federal grants for the research and treatment of AIDS.

6.   On or about October 10, 1990, ACHS began to receive federal grants for various operational objectives connected with ACHS's declared mission to combat the AIDS crisis in San Juan.

7.   Between on or about October 10, 1990, through on or about February 28, 1994, ACHS received approximately fifteen million four hundred seventy-five thousand nine hundred sixty-four ($15,475,964.00) dollars in federal grants, in approximately the following yearly amounts:

SECOND SUPERSEDING INDICTMENT
Criminal No. 97-091(JAF)
Page 3

| YEAR PAYMENT RECEIVED | AMOUNT RECEIVED FROM FEDERAL GOVERNMENT |
|---|---|
| 1990 | $    657,828.00 |
| 1991 | $4,323,326.00 |
| 1992 | $5,544,219.00 |
| 1993 | $3,813,041.00 |
| 1994 | $1,137,550.00 |

8.    At all times material to this Indictment, the defendant, **YAMIL H. KOURI PEREZ**, was a coordinator for Latin America and the Caribbean for HIID, which was affiliated to Harvard University, as well as being its principal investigator.

9.    At all times material to this Indictment, HIID was an organization affiliated with Harvard University, which provided consulting services to ACHS and ISSJ, to assist in the development of a comprehensive AIDS treatment program in San Juan.

10.   At all times material to this Indictment, the defendant, **YAMIL H. KOURI PEREZ**, was a physician who participated in the development of ACHS and the ISSJ. The defendant, **YAMIL H. KOURI PEREZ**, exerted great influence in the operation of ACHS and ISSJ, and was consulted regarding its major decisions.

11.   At times material to this Indictment, the defendant, **JEANNETTE A. SOTOMAYOR VAZQUEZ**, was the manager of operations of ACHS and ISSJ. As such, the defendant, **JEANNETTE A. SOTOMAYOR VAZQUEZ**, was responsible for the day to day operations of the ISSJ, including fiduciary responsibility for ensuring the proper management of the ACHS operating account.

SECOND SUPERSEDING INDICTMENT
Criminal No. 97-091(JAF)
Page 4

12. At times material to this Indictment, the defendant, **ANGEL L. CORCINO MAURAS**, was the comptroller for ACHS. As such, the defendant, **ANGEL L. CORCINO MAURAS**, was responsible for supervision of the accounting department at ACHS, including the obligation for the receipt, custody, disbursement and proper management of the funds assigned to ACHS.

13. At times material to this Indictment, the defendant, **JULIO R. CORCINO MAURAS**, was an attorney employed by ACHS as a legal advisor for patient rights.

14. At times material to this Indictment, the defendant, **JUAN E. RIZEK NASSAR**, was a physician and president of ACHS. The defendant, **JUAN E. RIZEK NASSAR**, also contracted with ACHS to establish a quality control department within ISSJ.

15. At times material to this Indictment, the defendant, **RAFAEL A. RIZEK NASSAR**, was a physician who contracted with ACHS to provide medical oncological services to the ISSJ.

16. At times material to this Indictment, the defendant, **MILAGROS GARCIA LEON**, was a personnel and payroll officer at ACHS.

17. At times material to this Indictment, the defendant, **ARMANDO BOREL BARREIRO**, was custodian of property for ACHS and ISSJ. The defendant, **ARMANDO BOREL BARREIRO**, was also responsible for the development of an in-house laboratory at ACHS.

18. At times material to this indictment, the defendant, **EDGARDO ROSARIO BURGOS**, was a senator for the District of Arecibo, Puerto Rico.

SECOND SUPERSEDING INDICTMENT
Criminal No. 97-091(JAF)
Page 5

19.   At times material to this Indictment, the defendant, **EDGARDO ROSARIO BURGOS,** was Director of Evaluations and Standards at ACHS.

20.   At times material to this Indictment, the accounting department at ACHS processed accounts payables in substantially the following manner:

a.   A check drawn on the operational account of ACHS was prepared when an invoice or bill for services or supplies provided to ACHS and/or ISSJ was received, or upon submission of a check request form requesting payment of a contractual obligation of ACHS and/or ISSJ, in the absence of an invoice or a bill.

b.   A check request form would also, at times, be generated for the purpose of allowing the transfer of funds between various ACHS bank accounts.

c.   After the check had been written, it was submitted for signature to authorized ACHS officials.   Usually, the defendants, **JEANNETTE A. SOTOMAYOR VAZQUEZ** and **JUAN E. RIZEK NASSAR,** were the executing officials.

21.   At times material to this Indictment, the following corporations received funds from ACHS and the ISSJ:

SECOND SUPERSEDING INDICTMENT
Criminal No. 97-091(JAF)
Page 6

| CORPORATION | DATE OF INCORPORATION | RELATIONSHIP WITH ACHS/ISSJ | OFFICERS AND/OR SHAREHOLDERS |
|---|---|---|---|
| Octagon, Inc. | May 7, 1992 | Purchasing agent ACHS and ISSJ | Shareholders: Yamil H. Kouri Perez Angel L. Corcino Mauras Rafael A. Rizek Nassar |
| Advanced Combo Supplies, Inc., also known as Advanced Food Services Institutional Food | Feb. 6, 1992 | Contract to sell miscel-laneous items to ACHS/ISSJ | Shareholders: Yamil H. Kouri Perez; Angel L. Corcino Mauras; Julio R. Corcino Mauras; Officers: Angel L. Corcino Mauras, President |
| Pan American Enterprises | 1992 | Creditor of ACHS | Shareholders and Officers: Yamil H. Kouri Perez, President |
| Professional Advisory Inc., aka Professional Resources, Inc. | Feb. 25, 1991 | Contractual | Julio R. Corcino Mauras (President) |
| Panamerican Corporation of Radiology | Nov. 10, 1992 | No Contractual relationship | Yamil H. Kouri Perez (President) |
| Medservices | unknown | Contract to research | Third Parties (President) |
| Fundación Panamericana | unknown | Contract to Provide Aids Prevention and Education | Third Party (President) |
| Las Américas Laboratory and Blood Bank | Dec. 6, 1963 | Contract to Provide Laboratory Services | Rafael A. Rizek Nassar (President) |

| CORPORATION | DATE OF INCORPORATION | RELATIONSHIP WITH ACHS/ISSJ | OFFICERS AND/OR SHAREHOLDERS |
|---|---|---|---|
| TMR | Nov. 14, 1991 | Contract to Provide Radiological Services | Yamil H. Kouri Perez (Vice-President) |

22. At times material to this Indictment, the defendant, **YAMIL H. KOURI PEREZ**, executed a contract pursuant to which he agreed to lend Advanced Combo Supplies, Inc., the sum of $1,000,000.00, to be paid in periodic installments.

23. At times material to this Indictment, Advanced Combo Supplies, Inc., changed its corporate name to Advanced Food Service, Institutional Food and Supply Distributor, Inc. (hereinafter "Advanced Food").

24. At times material to this Indictment, the defendant, **YAMIL H. KOURI PEREZ**, managed and controlled Octagon Corporation, and was kept abreast of the daily operations of the company through his representative, defendant **ARMANDO BOREL BARREIRO**.

25. At times material to this Indictment, the defendant, **YAMIL H. KOURI PEREZ**, owned and controlled Panamerican Corporation of Radiology, (hereinafter "Panamerican"), a corporation operating and existing under the laws of the Commonwealth of Puerto Rico.

26. At times material to this Indictment, Panamerican maintained asset account number 7560002647 at the Bank and Trust of Puerto Rico, on which the defendants, **YAMIL H. KOURI PEREZ** and **ANGEL L. CORCINO MAURAS**, were authorized signatories.    Bank

statements for this account were mailed to the home address of the defendant, **YAMIL H. KOURI PEREZ**.

27. At times material to this Indictment, Advanced Food maintained operating account number 7570001402, at the Bank and Trust of Puerto Rico, on which the defendant, **ANGEL L. CORCINO MAURAS**, was an authorized signatory. Bank statements for this account were mailed to the home address of the defendant, **YAMIL H. KOURI PEREZ**.

28. At times material to this Indictment, Advanced Food maintained payroll account numbers 7570001410 and 203867306, at the Bank and Trust of Puerto Rico, and Banco Popular, respectively, on which the defendant, **ANGEL L. CORCINO MAURAS**, was an authorized signatory. Bank statements for this account were mailed to the home address of the defendant, **YAMIL H. KOURI PEREZ**.

29. At times material to this Indictment, the defendant, **ANGEL L. CORCINO MAURAS**, maintained a personal checking account number 203683843 at Banco Popular.

30. At times material to this Indictment, Hamilton Bank was a federally insured financial institution, which was regulated by the Office of the Comptroller of the Currency, and was located in Miami, Florida.

31. At times material to this Indictment, Southern Bank and Trust (hereinafter "Southern"), was purportedly an off-shore holding company, located in Panamá and Monserrat.

32. At times material to this Indictment, Southern maintained an operating account at Hamilton Bank, account 411454510, (hereinafter "the Southern Account").

### THE CONSPIRACY AND ITS OBJECTS

33. From in or about October 10, 1990, through in or about February 1994, at the City of San Juan, in the District of Puerto Rico, and elsewhere, and within the jurisdiction of this Court, the defendants,

[1] YAMIL H. KOURI PEREZ,
[2] JEANNETTE A. SOTOMAYOR VAZQUEZ,
[3] ANGEL L. CORCINO MAURAS,
[4] JULIO R. CORCINO MAURAS,
[5] JUAN E. RIZEK NASSAR,
[6] RAFAEL A. RIZEK NASSAR,
[7] MILAGROS GARCIA LEON,
[8] ARMANDO BOREL BARREIRO,
and
[9] EDGARDO ROSARIO BURGOS,

did knowingly and willfully combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand Jury, to commit an offense against the United States, namely, as agents of an organization which received benefits in excess of $10,000.00 under a Federal program involving a grant, or other form of Federal assistance, in each successive one year period beginning in 1990 through 1994, to knowingly and willfully embezzle, steal, and obtain by fraud, and without authority knowingly convert to the use of a person not the rightful owner, and intentionally misapply property worth at least $5,000.00 owned by such organization, that

SECOND SUPERSEDING INDICTMENT
Criminal No. 97-091(JAF)
Page 10

is, approximately $1,394,358.95 in program funds, in violation of Title 18, United States Code, Section 666.

All in violation of Title 18, United States Code, Section 371.

### OBJECT OF THE CONSPIRACY

34.  It was the purpose and object of the conspiracy for the defendants, **YAMIL H. KOURI PEREZ, JEANNETTE A. SOTOMAYOR VAZQUEZ, ANGEL L. CORCINO MAURAS, JULIO R. CORCINO MAURAS, JUAN E. RIZEK NASSAR, RAFAEL A. RIZEK NASSAR, MILAGROS GARCIA LEON, ARMANDO BOREL BARREIRO,** and **EDGARDO ROSARIO BURGOS,** together with others known and unknown to the Grand Jury, to use the funds of ACHS and the ISSJ, for unauthorized personal and other benefits, through a pattern of deceptive conduct and transactions of related corporate entities of the defendants, designed to create the appearance of legitimacy, when in fact, the transactions were nothing more than a means of concealing the fraudulent nature of the disbursements.

As a result of the unlawful conspiracy, the defendants embezzled, stole and obtained by fraud, in excess of $1,394,358.95 of public funds which were designated for the research and treatment of the AIDS crisis in San Juan.

### MANNER AND MEANS OF THE CONSPIRACY

35.  It was a part of the manner and means of the unlawful conspiracy that:

36.  ACHS would be converted to a non-profit corporation, in order to improve its ability to qualify for federal grants, and making it eligible for increased amounts of federal funding.

SECOND SUPERSEDING INDICTMENT
Criminal No. 97-091(JAF)
Page 11

37. The defendants, **YAMIL H. KOURI PEREZ, JEANNETTE A. SOTOMAYOR VAZQUEZ, ANGEL L. CORCINO MAURAS, JULIO R. CORCINO MAURAS, JUAN E. RIZEK NASSAR, RAFAEL A. RIZEK NASSAR, MILAGROS GARCIA LEON, ARMANDO BOREL BARREIRO,** and **EDGARDO ROSARIO BURGOS,** would be placed in significant positions within ACHS and ISSJ, which would enable them to manipulate the funds received by ACHS for the research and treatment of AIDS.

38. Corporations under the management and control of the defendants, **YAMIL H. KOURI PEREZ, ANGEL L. CORCINO MAURAS, JULIO R. CORCINO MAURAS, JUAN E. RIZEK NASSAR, RAFAEL A. RIZEK NASSAR,** and **ARMANDO BOREL BARREIRO,** would be created for the purpose of contracting with ACHS, under the guise of offering goods and services to ACHS and the ISSJ.

39. Fictitious debts would be created between ACHS and/or ISSJ, and the corporations controlled by the defendants, in order to create the appearance that the funds paid to these corporations were for bona fide services.

40. The funds paid to these corporations would be used for the personal benefit of the defendants and their related corporate entities.

41. At times, funds processed for the payment of legitimate debts of ACHS and/or ISSJ would be unlawfully diverted for the personal benefit of the defendants.

42. Contracts purportedly for professional services would be entered into between ACHS and various other individuals, corporate

entities and organizations, in order to provide a mechanism to divert ACHS funds for the personal benefit of the defendants' and their related corporate entities.

43. ACHS checks payable to these corporate entities and organizations would be converted into manager's checks in order to facilitate the negotiability of said checks and their transfer to their ultimate destination.

44. These manager's checks would deposited into the Southern account at Hamilton Bank in order to conceal the ultimate destination of these monies.

45. ACHS checks payable to corporate entities would also be converted to cash at a check cashing business.

46. Funds from ACHS would be used for unauthorized personal benefits, including the attempted financing of a political campaign.

## OVERT ACTS

47. In furtherance of the conspiracy and in order to effects its objects, the defendants, **YAMIL H. KOURI PEREZ, JEANNETTE A. SOTOMAYOR VAZQUEZ, ANGEL L. CORCINO MAURAS, JULIO R. CORCINO MAURAS, JUAN E. RIZEK NASSAR, RAFAEL A. RIZEK NASSAR, MILAGROS GARCIA LEON, ARMANDO BOREL BARREIRO,** and **EDGARDO ROSARIO BURGOS,** and others known and unknown to the Grand Jury, committed and caused to be committed the below enumerated acts, among others, in the District of Puerto Rico and elsewhere:

SECOND SUPERSEDING INDICTMENT
Criminal No. 97-091(JAF)
Page 13

48. On or about the following dates, the defendants **ANGEL L. CORCINO MAURAS and YAMIL H. KOURI PEREZ,** caused the following ACHS checks to be deposited into the Southern account at Hamilton Bank, among others, as more specifically outlined below:

| CHECK AMOUNT | DATE OF CHECK | PAYABLE TO |
|---|---|---|
| $10,000.00 | October 9, 1991 | Medservices |
| $10,000.00 | October 11, 1991 | Medservices |
| $16,000.00 | March 16, 1992 | Fundación Panamericana |
| $16,000.00 | May 8, 1992 | Fundación Panamericana |
| $11,000.00 | June 22, 1992 | Las Américas Laboratory |
| $ 5,000.00 | July 21, 1992 | Las Américas Laboratory |

49. On or about February 21, 1991, the defendant **JULIO R. CORCINO MAURAS,** caused a check in the amount of $11,700.00 payable to Professional Resources, Inc. to be converted cash.

50. On or about September 17, 1992, the defendant **EDGARDO ROSARIO BURGOS,** met with an advertising executive in order to discuss plans for financing his political campaign.

51. On or about September 28, 1992, the defendant **JEANNETTE A. SOTOMAYOR VAZQUEZ,** met with an advertising executive at the administration offices of ACHS in order to discuss financing for the political campaign of the defendant **EDGARDO ROSARIO BURGOS.**

52. On or about August 5, 1992, the defendant, **ANGEL L. CORCINO MAURAS,** caused a check to be written from ACHS general account, in the amount of $40,000.00, payable to ACHS Payroll, and

SECOND SUPERSEDING INDICTMENT
Criminal No. 97-091(JAF)
Page 14

caused said check to be deposited in the Advanced Combo Supply account, which account corresponded to Advanced Combo Supplies.

53.  On or about December 21, 1992, the defendant, **ANGEL L. CORCINO MAURAS**, caused a check to be written form ACHS/Ryan White account, in the amount of $35,000.00, payable to ACHS Payroll, and caused said check to be deposited in the Advance Food Payroll account.

54.  On or about October 20, 1992, the defendant, **ANGEL L. CORCINO MAURAS**, caused a check to be written from ACHS general account, in the amount of $25,000.00, payable to ACHS Payroll, and caused said check to be deposited in the Advanced Food account.

55.  On or about May 20, 1992, the defendant, **ANGEL L. CORCINO MAURAS**, caused a check to be written from ACHS payroll account, in the amount of $22,000.00, payable to ACHS, and caused said to be deposited in the Advanced Combo Supply account.

56.  In or about 1992, the exact date being unknown to the Grand Jury, the defendant, **YAMIL H. KOURI PEREZ**, purchased fifty percent of the shares of Advanced Combo, thereby becoming an owner of the company.

57.  On or about December 1, 1993, the defendant, **YAMIL H. KOURI PEREZ**, cashed a check in the amount of $5,455.00 from the Advance Food payroll account.

58.  On or about February 9, 1993, the defendant, **ANGEL L. CORCINO MAURAS**, caused a check to be written from ACHS general account, in the amount of $20,000.00, payable to ACHS Payroll, and

SECOND SUPERSEDING INDICTMENT
Criminal No. 97-091(JAF)
Page 15

caused said check to be deposited in the Advanced Food operating account.

59.  On or about January 31, 1994, the defendant, **YAMIL H. KOURI PEREZ**, caused Pan American Enterprises, Inc., to receive a check in the amount of $17,000.00 from the Advance Food operating account.

60.  On or about March 9, 1994, the defendant, **ANGEL L. CORCINO MAURAS**, caused a check to be written, in the amount of $924.14 payable to Octagon, and caused said check to be deposited into his personal checking account.

61.  On or about October 31, 1990, the defendant, **ANGEL L. CORCINO MAURAS**, caused a check to be written, in the amount of $9,350.00, payable to a third party.

62.  On or about February 11, 1991, the defendant, **JULIO R. CORCINO MAURAS**, caused the said check to be converted to cash.

63.  On or about October 31, 1991, the defendant, **ANGEL L. CORCINO MAURAS**, caused a check to be written, in the amount of $5,550.00, payable to a third party.

64.  On or about January 10, 1992, the defendant, **JULIO R. CORCINO MAURAS**, caused the said check to be converted to cash.

65.  On or about October 22, 1992, the defendant, **ANGEL L. CORCINO MAURAS**, caused a check to be written, in the amount of $8,000.00, payable to a third party.

66.  On or about October 30, 1992, the defendant, **JULIO R. CORCINO MAURAS**, caused the said check to be converted to cash.

SECOND SUPERSEDING INDICTMENT
Criminal No. 97-091(JAF)
Page 16

67. On or about June 3, 1992, the defendant **ANGEL L. CORCINO MAURAS**, caused a check to be written, in the amount of $25,000.00 payable to Las Américas Laboratory.

68. On or about June 3, 1992, the defendant, **RAFAEL A. RIZEK NASSAR**, caused the said check payable to Las Américas Laboratory, in the amount of $25,000.00, to be deposited into his personal checking account at Banco Popular.

69. On or about January 22, 1993, the defendant, **ANGEL L. CORCINO MAURAS**, caused a check to be written, in the amount of $8,000.00, payable to Octagon Corporation.

70. On or about January 25, 1993, the defendant, **JULIO R. CORCINO MAURAS**, caused the said check to be converted to cash.

71. On or about April 1, 1991, the defendants, **MILAGROS GARCIA LEON** and **JEANNETTE A. SOTOMAYOR VAZQUEZ**, contracted an individual to purportedly work at ACHS, when, in fact, that individual would actually work as a housekeeper at the defendant's, **JEANNETTE A. SOTOMAYOR VAZQUEZ**, residence. Said individual shall hereinafter be referred to as the "Sotomayor housekeeper."

72. On or about April 15, 1991, the defendants, **MILAGROS GARCIA LEON** and **JEANNETTE A. SOTOMAYOR VAZQUEZ**, caused the Sotomayor housekeeper to execute falsified time cards which claimed that she worked at ACHS for the pay period between on or about April 1, 1991 through on or about August 15, 1993.

73. On or about April 12, 1991, the defendant, **ANGEL L. CORCINO MAURAS**, caused a check to be written on the ACHS payroll

SECOND SUPERSEDING INDICTMENT
Criminal No. 97-091(JAF)
Page 17

account, in the amount of $224.37, to pay the Sotomayor housekeeper.

74. On or about April 12, 1991, the defendant, **JEANNETTE A. SOTOMAYOR VAZQUEZ,** caused a check to be signed, which check was written on the ACHS payroll account, in the amount of $224.37, to pay the Sotomayor housekeeper.

75. On or about January 15, 1992, the defendants, **MILAGROS GARCIA LEON** and **JEANNETTE A. SOTOMAYOR VAZQUEZ,** caused the Sotomayor housekeeper to execute falsified time cards which claimed that she worked at ACHS for the pay period between on or about January 1, 1992 through on or about January 15, 1992.

76. On or about January 15, 1992, the defendant, **ANGEL L. CORCINO MAURAS,** caused a check to be written on the ACHS payroll account, in the amount of $299.73, to pay Sotomayor housekeeper.

77. On or about January 15, 1992, the defendant, **JEANNETTE A. SOTOMAYOR VAZQUEZ,** caused a check to be signed, which check was written on the ACHS payroll account, in the amount of $299.73, to pay the Sotomayor housekeeper.

78. On or about January 15, 1993, the defendants, **MILAGROS GARCIA LEON** and **JEANNETTE A. SOTOMAYOR VAZQUEZ,** caused the Sotomayor housekeeper to execute falsified time cards which claimed that she worked at ACHS for the pay period between on or about January 1, 1993 through on or about January 15, 1993.

SECOND SUPERSEDING INDICTMENT
Criminal No. 97-091(JAF)
Page 18

79. On or about January 14, 1993, the defendant, **ANGEL L. CORCINO MAURAS**, caused a check to be written on the ACHS payroll account, in the amount of $361.53, to pay Sotomayor housekeeper.

80. On or about January 14, 1993, the defendant, **JEANNETTE A. SOTOMAYOR VAZQUEZ**, caused a check to be signed, which check was written on the ACHS payroll account, in the amount of $361.53, to pay the Sotomayor housekeeper.

81. On or about January 31, 1994, the defendants, **MILAGROS GARCIA LEON** and **JEANNETTE A. SOTOMAYOR VAZQUEZ**, caused the Sotomayor housekeeper to execute falsified time cards which claimed that she worked at ACHS for the pay period between on or about January 16, 1994 through on or about January 31, 1994.

82. On or about January 28, 1994, the defendant, **ANGEL L. CORCINO MAURAS**, caused a check to be written on the ACHS payroll account, in the amount of $762.24, to pay Sotomayor housekeeper.

83. On or about January 28, 1994, the defendant, **JEANNETTE SOTOMAYOR VAZQUEZ**, caused a check to be signed, which check was written on the ACHS payroll account, in the amount of $762.24, to pay Sotomayor housekeeper.

84. On or about September 24, 1992, the defendant, **ANGEL L. CORCINO MAURAS**, caused a check in the amount of $25,000.00 to be written on the ACHS general account, payable to Octagon Corporation.

85.  On or about September 25, 1992, the defendant, **ARMANDO BOREL BARREIRO,** caused two checks, in the respective amounts of $25,000.00 to be deposited into the Octagon Corporation account.

86.  On or about September 28, 1992, the defendant, **ARMANDO BOREL BARREIRO,** caused two checks to be written from the  Octagon Corporation account, payable to himself, in the respective amounts of $7,142.85, and $3,290.50, which the defendant, **ARMANDO BOREL BARREIRO,** caused to be converted to cash.

87.  On or about September 29, 1992, the defendant, **ARMANDO BOREL BARREIRO,** caused a check to be written from the Octagon Corporation account, payable to himself, in the amount of $8,343.85, which the defendant, **ARMANDO BOREL BARREIRO,** caused to be converted to cash.

88.  On or about October 1, 1992, the defendant, **ARMANDO BOREL BARREIRO,** caused four checks to be written from Octagon Corporation account, payable to Advance Food Service, in the respective amounts of $7,598.55, $8,677.30, $6,993.50, and $7,953.45, which the defendant, **ARMANDO BOREL BARREIRO,** caused to be deposited in the Advance Food Service operating account.

89.  In or about November, 1992, the exact date being unknown to the Grand Jury, the defendant, **ANGEL L. CORCINO MAURAS,** represented to the president of Octagon that $50,000.00 of ACHS funds were laundered through the Octagon account for a purpose unrelated to the legitimate functions of ACHS and/or ISSJ.

90.   On or about February 21, 1992, the defendants, **JEANNETTE A. SOTOMAYOR VAZQUEZ** and **JUAN E. RIZEK NASSAR**, caused a check to be written from the ACHS general account, payable to a third party, in the amount of $10,000.00, for professional services dedicated to construction work performed at the residence of the defendant, **RAFAEL A. RIZEK NASSAR**.

91.   On or about May 26, 1992, the defendants, **JEANNETTE A. SOTOMAYOR VAZQUEZ** and **JUAN E. RIZEK NASSAR**, caused a check to be written from the ACHS general account, payable to a third party, in the amount of $10,000.00, for professional services dedicated to construction work performed at the residence of the defendant, **RAFAEL A. RIZEK NASSAR**.

92.   On or about May 18, 1993, the defendant, **RAFAEL A. RIZEK NASSAR**, required that the third party write a check payable to ACHS, in the amount of $10,000.00, and in exchange provided the third party with a check for the same amount drawn on the personal account of the defendant, **RAFAEL A. RIZEK NASSAR**.

93.   On or about October 22, 1992, the defendants, **JEANNETTE A. SOTOMAYOR VAZQUEZ** and **JUAN E. RIZEK NASSAR**, caused a check to be written from the ACHS general account, payable to a third party, in the amount of $4,250.00, for professional services.

94.   On or about October 22, 1992, a third party, caused the said check in the amount of $4,250.00 to be converted to cash and turned over the monies to the defendant, **ANGEL L. CORCINO MAURAS**.

SECOND SUPERSEDING INDICTMENT
Criminal No. 97-091(JAF)
Page 21

95.  On or about October 22, 1992, the defendants, **JEANNETTE A. SOTOMAYOR VAZQUEZ** and **JUAN E. RIZEK NASSAR,** caused a check to be written from the ACHS general account, payable to a third party, in the amount of $6,000.00, for professional services.

96.  On or about October 22, 1992, a third party, caused the said check to be converted to cash and turned over the monies to the defendant, **ANGEL L. CORCINO MAURAS.**

97.  On or about October 22, 1992, the defendants, **JEANNETTE A. SOTOMAYOR VAZQUEZ** and **JUAN E. RIZEK NASSAR,** caused a check to be written from the ACHS general account, payable to a third party, in the amount of $4,250.00, for professional services.

98.  On or about October 22, 1992, a third party, caused the said check to be converted to cash and turned over the monies to the defendant, **ANGEL L. CORCINO MAURAS.**

99.  On or about October 22, 1992, the defendant, **ANGEL L. CORCINO MAURAS,** required that a third party convert into cash $27,750.00 in checks from the ACHS general account.

100. On or about October 26, 1992, the defendant, **ANGEL L. CORCINO MAURAS,** provided **YAMIL H. KOURI PEREZ,** with $27,750.00 in cash of ACHS funds.

101. Counts Two through Thirty Three of this Indictment are incorporated by reference herein and designated as over acts of this conspiracy.

SECOND SUPERSEDING INDICTMENT
Criminal No. 97-091(JAF)
Page 22

## COUNT TWO

## Theft Concerning Program Receiving Federal Funds

### 18 USC § 666(a)(1)(A)
### 18 USC § 2

1.  Paragraphs one (1) through ten (10), and twelve (12), and Twenty (20) through thirty-two (32), of the General Allegations are realleged and incorporated herein by reference.

2.  From on or about May 7, 1992, through in or about March 9, 1994, at the City of San Juan, in the District of Puerto Rico, and elsewhere, and within the jurisdiction of this Court, the defendants,

### [1] YAMIL H. KOURI PEREZ,
### and
### [3] ANGEL L. CORCINO MAURAS,

the defendants herein, being agents of an organization as this term is defined in Title 18, United States Code, Section 666(d)(1), aiding and abetting each other, did knowingly, willfully, unlawfully, and intentionally misapply and embezzle, steal, obtain by fraud, or otherwise without authority convert to their own personal use, without being the rightful owners, property valued at $5,000.00 or more, that is, approximately $270,252.16, which was owned by and under the care, custody, and control of Advanced Community Health Services ("ACHS"), an organization that received in a one year period benefits in excess of $10,000.00 under a Federal program through a contract, grant, subsidy, loan, guarantee, insurance, or any form of Federal assistance.

SECOND SUPERSEDING INDICTMENT
Criminal No. 97-091(JAF)
Page 23

All in violation of Title 18, <u>United States Code</u>, Section
666(a)(1)(A) and 2.

**COUNT THREE**

**Theft Concerning Program Receiving Federal Funds**

**18 USC § 666(a)(1)(A)**
**18 USC § 2**

1.    Paragraphs one (1) through seven (7), twelve (12),
thirteen (13), twenty (20), twenty-one (21), twenty-eight (28), and
twenty nine (29), of the General Allegations are realleged and
incorporated herein by reference.

2.    From on or about October 15, 1992, through in or about
January 25, 1993, at the City of San Juan, in the District of
Puerto Rico, and elsewhere, and within the jurisdiction of this
Court, the defendants,

[3] ANGEL L. CORCINO MAURAS,
and
[4] JULIO R. CORCINO MAURAS,

the defendants herein, being agents of an organization as this term
is defined in Title 18, <u>United States Code</u>, Section 666(d)(1),
aiding and abetting each other, did knowingly, willfully,
unlawfully, and intentionally misapply and embezzle, steal, obtain
by fraud, or otherwise without authority convert to their own
personal use, without being the rightful owners, property valued at
$5,000.00 or more, that is, approximately $40,900.00, which was
owned by and under the care, custody, and control of Advanced
Community Health Services ("ACHS"), an organization that received

SECOND SUPERSEDING INDICTMENT
Criminal No. 97-091(JAF)
Page 24

in a one year period benefits in excess of $10,000.00 under a
Federal program through a contract, grant, subsidy, loan,
guarantee, insurance, or any form of Federal assistance.

All in violation of Title 18, United States Code, Section
666(a)(1)(A) and 2.

**COUNT FOUR**

**Theft Concerning Program Receiving Federal Funds**

**18 USC § 666(a)(1)(A)
18 USC § 2**

1. Paragraphs one (1) through seven (7), eleven (11), twelve
(12), sixteen (16), twenty (20), and twenty-one (21), of the
General Allegations are realleged and incorporated herein by
reference.

2. From on or about May 15, 1992, through in or about January
31, 1994, at the City of San Juan, in the District of Puerto Rico,
and elsewhere, and within the jurisdiction of this Court, the
defendants,

**[2] JEANNETTE A. SOTOMAYOR VAZQUEZ,
[3] ANGEL L. CORCINO MAURAS,
and
[7] MILAGROS GARCIA LEON,**

the defendants herein, being agents of an organization as this term
is defined in Title 18, United States Code, Section 666(d)(1),
aiding and abetting each other, did knowingly, willfully,
unlawfully, and intentionally misapply and embezzle, steal, obtain
by fraud, or otherwise without authority convert to their own
personal use, without being the rightful owners, property valued at

SECOND SUPERSEDING INDICTMENT
Criminal No. 97-091(JAF)
Page 25

$5,000.00 or more, that is, approximately $20,956.29, which was owned by and under the care, custody, and control of Advanced Community Health Services ("ACHS"), an organization that received in a one year period benefits in excess of $10,000.00 under a Federal program through a contract, grant, subsidy, loan, guarantee, insurance, or any form of Federal assistance.

All in violation of Title 18, United States Code, Section 666(a)(1)(A) and 2.

### COUNT FIVE

### Theft Concerning Program Receiving Federal Funds

**18 USC § 666(a)(1)(A)**
**18 USC § 2**

1.    Paragraphs one (1) through seven (7), twelve (12), seventeen (17), twenty (20), twenty-one (21), and twenty-four (24), of the General Allegations are realleged and incorporated herein by reference.

2.    On or about September 28, 1992, at the City of San Juan, in the District of Puerto Rico, and elsewhere, and within the jurisdiction of this Court, the defendants,

**[3] ANGEL L. CORCINO MAURAS,**
**and**
**[8] ARMANDO BOREL BARREIRO,**

the defendants herein, being agents of an organization as this term is defined in Title 18, United States Code, Section 666(d)(1), aiding and abetting each other, did knowingly, willfully, unlawfully, and intentionally misapply and embezzle, steal, obtain

SECOND SUPERSEDING INDICTMENT
Criminal No. 97-091(JAF)
Page 26

by fraud, or otherwise without authority convert to their own

personal use, without being the rightful owners, property valued at

$5,000.00 or more, that is, approximately $50,000.00, which was

owned by and under the care, custody, and control of Advanced

Community Health Services ("ACHS"), an organization that received

in a one year period benefits in excess of $10,000.00 under a

Federal program through a contract, grant, subsidy, loan,

guarantee, insurance, or any form of Federal assistance.

All in violation of Title 18, <u>United States Code</u>, Section

666(a)(1)(A) and 2.

### COUNT SIX

### Theft Concerning Program Receiving Federal Funds

**18 USC § 666(a)(1)(A)**
**18 USC § 2**

1.    Paragraphs one (1) through seven (7), eleven (11),

fourteen (14), fifteen (15), twenty (20), and twenty-one (21), of

the General Allegations are realleged and incorporated herein by

reference.

2.    On or about May 26, 1992, at the City of San Juan, in the

District of Puerto Rico, and elsewhere, and within the jurisdiction

of this Court,

**[2] JEANNETTE A. SOTOMAYOR VAZQUEZ,**
**[5] JUAN E. RIZEK NASSAR,**
**and**
**[6] RAFAEL A. RIZEK NASSAR,**

SECOND SUPERSEDING INDICTMENT
Criminal No. 97-091(JAF)
Page 27

the defendants herein, being agents of an organization as this term
is defined in Title 18, United States Code, Section 666(d)(1),
aiding and abetting each other, did knowingly, willfully,
unlawfully, and intentionally misapply and embezzle, steal, obtain
by fraud, or otherwise without authority convert to their own
personal use, without being the rightful owners, property valued at
$5,000.00 or more, that is, approximately $10,000.00, which was
owned by and under the care, custody, and control of Advanced
Community Health Services ("ACHS"), an organization that received
in a one year period benefits in excess of $10,000.00 under a
Federal program through a contract, grant, subsidy, loan,
guarantee, insurance, or any form of Federal assistance.

All in violation of Title 18, United States Code, Section
666(a)(1)(A) and 2.

**COUNT SEVEN**

**Theft Concerning Program Receiving Federal Funds**

**18 USC § 666(a)(1)(A)**
**18 USC § 2**

1.    Paragraphs one (1) through twelve (12), fourteen (14),
seventeen (17), twenty (20) through thirty-two (32), of the General
Allegations are realleged and incorporated herein by reference.

2.    On or about October 22, 1992, at the City of San Juan, in
the District of Puerto Rico, and elsewhere, and within the
jurisdiction of this Court, the defendants,

**[1] YAMIL H. KOURI PEREZ,**
**[2] JEANNETTE A. SOTOMAYOR VAZQUEZ,**
**[3] ANGEL L. CORCINO MAURAS,**

SECOND SUPERSEDING INDICTMENT
Criminal No. 97-091(JAF)
Page 28

### [5] JUAN E. RIZEK NASSAR,
### and
### [8] ARMANDO BOREL BARREIRO,

the defendants herein, being agents of an organization as this term is defined in Title 18, United States Code, Section 666(d)(1), aiding and abetting each other, did knowingly, willfully, unlawfully, and intentionally misapply and embezzle, steal, obtain by fraud, or otherwise without authority convert to their own personal use, without being the rightful owners, property valued at $5,000.00 or more, that is, approximately $27,750.00, which was owned by and under the care, custody, and control of Advanced Community Health Services ("ACHS"), an organization that received in a one year period benefits in excess of $10,000.00 under a Federal program through a contract, grant, subsidy, loan, guarantee, insurance, or any form of Federal assistance.

All in violation of Title 18, United States Code, Section 666(a)(1)(A) and 2.

### COUNT EIGHT

### OBSTRUCTION OF CRIMINAL INVESTIGATIONS BY BRIBERY

### 18 USC §1512(b)
### 18 USC § 2

Between on or about the February 12, 1997, through on or about March 1, 1997, at the City of San Juan, in the District of Puerto Rico, and elsewhere, and within the jurisdiction of this Court,

### [2] JEANNETTE A. SOTOMAYOR VAZQUEZ,
### and
### [7] MILAGROS GARCIA LEON,

SECOND SUPERSEDING INDICTMENT
Criminal No. 97-091(JAF)
Page 29

the defendants herein, aiding and abetting each other, did

knowingly attempt to corruptly persuade another person, with the

intent to influence the testimony of said person in an official

proceeding, and with the intent to cause said person to withhold

testimony from an official proceeding, and hinder and delay the

communication to a law enforcement officer of the United States of

information relating to the commission of a Federal offense, in

violation of Title 18, United States Code, Section 1512(b) and 2.

### COUNTS NINE THROUGH TWENTY
### Laundering of Monetary Instruments

### 18 USC 1956(a)(1)(B)(i)

1. Paragraphs one (1) through ten (10), twelve (12), fourteen

(14) and twenty (20) through thirty-two(32), of the General

Allegations are realleged and incorporated herein by reference.


2. On or about the dates enumerated below, in the District of

Puerto Rico and elsewhere, and within the jurisdiction of this

Court,

### [1] YAMIL H. KOURI  PEREZ
### and
### [3] ANGEL L. CORCINO MAURAS,

the defendants herein, aiding and abetting each other, did

knowingly and willfully conduct and attempt to conduct financial

transactions affecting interstate and foreign commerce, as more

specifically described below, which involved the proceeds of a

specified unlawful activity, that is,  theft concerning programs

SECOND SUPERSEDING INDICTMENT
Criminal No. 97-091(JAF)
Page 30

receiving Federal funds, in violation of Title 18, United States
Code, Section 666, knowing that the transactions were designed in
whole and in part to conceal and disguise the nature, location,
source, ownership, and control of the proceeds of said specified
unlawful activity and that while conducting and attempting to
conduct such financial transactions knew that the property involved
in the financial transactions, that is, monetary instruments, in
the amounts set forth below, represented the proceeds of some form
of unlawful activity.

| COUNT | MONETARY INSTRUMENT | DATE OF FINANCIAL TRANSACTION | DOLLAR AMOUNT | FINANCIAL INSTITUTION |
|---|---|---|---|---|
| NINE | MANAGER'S CHECK | JANUARY 23, 1993 | $5,000.00 | HAMILTON BANK |
| TEN | MANAGER'S CHECK | JANUARY 23, 1993 | $5,000.00 | HAMILTON BANK |
| ELEVEN | MANAGER'S CHECK | JULY 10, 1993 | $5,000.00 | HAMILTON BANK |
| TWELVE | MANAGER'S CHECK | JULY 10, 1993 | $5,000.00 | HAMILTON BANK |
| THIRTEEN | MANAGER'S CHECK | JANUARY 23, 1993 | $8,000.00 | HAMILTON BANK |
| FOURTEEN | MANAGER'S CHECK | JANUARY 23, 1993 | $8,000.00 | HAMILTON BANK |
| FIFTEEN | MANAGER'S CHECK | JULY 10, 1993 | $8,000.00 | HAMILTON BANK |
| SIXTEEN | MANAGER'S CHECK | JULY 10, 1993 | $8,000.00 | HAMILTON BANK |
| SEVENTEEN | MANAGER'S CHECK | JUNE 16, 1993 | $5,000.00 | HAMILTON BANK |
| EIGHTEEN | MANAGER'S CHECK | JUNE 16, 1993 | $5,000.00 | HAMILTON BANK |

SECOND SUPERSEDING INDICTMENT
Criminal No. 97-091(JAF)
Page 31

| COUNT | MONETARY INSTRUMENT | DATE OF FINANCIAL TRANSACTION | DOLLAR AMOUNT | FINANCIAL INSTITUTION |
|-------|---------------------|-------------------------------|---------------|------------------------|
| NINETEEN | MANAGER'S CHECK | OCTOBER 21, 1993 | $8,000.00 | HAMILTON BANK |
| TWENTY | MANAGER'S CHECK | OCTOBER 21, 1993 | $8,000.00 | HAMILTON BANK |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

### COUNT TWENTY-ONE THROUGH THIRTY- TWO
### Laundering of Monetary Instruments

**18 USC 1956(a)(1)(B)(ii)**

1. Paragraphs one (1) through ten (10), twelve (12), fourteen (14), and twenty (20) through thirty-two (32) of the General Allegations are realleged and incorporated herein by reference.

2. On or about the dates enumerated below, in the District of Puerto Rico, and elsewhere, and within the jurisdiction of this Court,

**[1] YAMIL H. KOURI PEREZ**
**and**
**[3] ANGEL L. CORCINO MAURAS,**

the defendants herein, aiding and abetting each other, did knowingly and willfully conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, as more specifically described below, which involved the proceeds of a specified unlawful activity, that is, theft concerning programs receiving Federal funds, in violation of Title 18, United States Code, Section 666, knowing that the transactions were designed in whole and in part to avoid a transaction reporting requirement

SECOND SUPERSEDING INDICTMENT
Criminal No. 97-091(JAF)
Page 32

under Federal law and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transaction, that is, monetary instruments, in the amounts more specifically described below, represented the proceeds of some form of unlawful activity.

| COUNT | MONETARY INSTRUMENT | DATE OF FINANCIAL TRANSACTION | DOLLAR AMOUNT | FINANCIAL INSTITUTION |
|-------|--------------------|-----------------------------|---------------|-----------------------|
| TWENTY-ONE | MANAGER'S CHECK | JANUARY 23, 1993 | $5,000.00 | HAMILTON BANK |
| TWENTY-TWO | MANAGER'S CHECK | JANUARY 23, 1993 | $5,000.00 | HAMILTON BANK |
| TWENTY-THREE | MANAGER'S CHECK | JULY 10, 1993 | $5,000.00 | HAMILTON BANK |
| TWENTY-FOUR | MANAGER'S CHECK | JULY 10, 1993 | $5,000.00 | HAMILTON BANK |
| TWENTY-FIVE | MANAGER'S CHECK | JANUARY 23, 1993 | $8,000.00 | HAMILTON BANK |
| TWENTY-SIX | MANAGER'S CHECK | JANUARY 23, 1993 | $8,000.00 | HAMILTON BANK |
| TWENTY-SEVEN | MANAGER'S CHECK | JULY 10, 1993 | $8,000.00 | HAMILTON BANK |
| TWENTY-EIGHT | MANAGER'S CHECK | JULY 10, 1993 | $8,000.00 | HAMILTON BANK |
| TWENTY-NINE | MANAGER'S CHECK | JUNE 16, 1993 | $5,000.00 | HAMILTON BANK |
| THIRTY | MANAGER'S CHECK | JUNE 16, 1993 | $5,000.00 | HAMILTON BANK |
| THIRTY-ONE | MANAGER'S CHECK | OCTOBER 21, 1993 | $8,000.00 | HAMILTON BANK |
| THIRTY-TWO | MANAGER'S CHECK | OCTOBER 21, 1993 | $8,000.00 | HAMILTON BANK |

SECOND SUPERSEDING INDICTMENT
Criminal No. 97-091(JAF)
Page 33

All in violation of Title 18, <u>United States Code</u>, Sections 1956(a)(B)(ii) and 2.


## COUNT THIRTY-THREE
## <u>Theft Concerning Programs Receiving Federal Funds</u>

### 18 USC 666

Between on or about February 1, 1993 through on or about February 25, 1994, in the District of Puerto Rico, and within the jurisdiction of this Court,

**EDGARDO ROSARIO BURGOS,**

the defendant herein, being an agent of an organization as this term is defined in Title 18, <u>United States Code</u>, Section 666(d)(1), did knowingly, willfully, unlawfully, and intentionally misapply and embezzle, steal, obtain by fraud, and otherwise convert to his own personal use, without being the rightful owner, property valued at $5,000.00 or more, that is, approximately $9,382.02, which was owned by or under the care, custody, and control of ACHS, an organization that received benefits in excess of $10,000.00 under a Federal program, through a contract, grant, subsidy, loan, guarantee, insurance, or any form of Federal Assistance.

SECOND SUPERSEDING INDICTMENT
Criminal No. 97-091(JAF)
Page 34

All in violation of Title 18, <u>United States Code</u>, Section
666(a)(1)(A).

**COUNT 34**

**FORFEITURE - TITLE 18 § 982**

**Program Fraud and Money Laundering**

1.   As a result of a conviction of Counts 9 through 32 of this
Second Superseding Indictment, which are incorporated herein by
reference, defendants YAMIL H. KOURI PEREZ, JEANNETTE A. SOTOMAYOR
VAZQUEZ, ANGEL L. CORCINO MAURAS, JULIO R. CORCINO MAURAS, JUAN E.
RIZEK NASSAR, RAFAEL A. RIZEK NASSAR, MILAGROS GARCIA LEON, ARMANDO
BOREL BARREIRO, and EDGARDO ROSARIO BURGOS, shall forfeit to the
United States all property, both real and personal involved in,
constituting, derived from, or traceable to proceeds of the
aforestated offenses, including but not limited to the following:

> ONE URBAN LOT #3371, LOCATED AT 1713 GERANIO ST., URB.
> SAN FRANCISCO, SAN JUAN, PR, MORE FULLY DESCRIBED AT THE
> PROPERTY REGISTRY FOR THE COMMONWEALTH OF PUERTO RICO AS
> FOLLOWS:
>
> URBANA:   Solar radicado en el Reparto San Francisco del
> Barrio Monacillos de Rio Piedras, hoy Capital de Puerto
> Rico, que se marca con el número 7 en el bloque "I" del
> plano de inscripción, con una cabida superfical de
> 1200.40 metros cuadrados, colindando por el: OESTE: su
> frente, en una distancia de 36.35 metros con la Calle
> Geranio; ESTE: su fondo, en una distancia de 27.11 metros
> con el solar #6 del bloque "I" del plano de inscripción
> propiedad de Sein Realty Company, Inc.; SUR: Su derecha
> entrando, en una distancia de 36.40 metros con el solar
> #9 del bloque "I" del plano de inscripci6n propiedad de
> Sein Realty Company, Incorporado, separado por una acera
> o sendero; NORTE: su izquierda entrando, en una distancia
> de 39.21 metros con el solar #5 del bloque "I" del plano
> de inscripción propiedad de Sein Realty Company, Inc.
> (Folio 57 del tomo 94, Finca #3371).

SECOND SUPERSEDING INDICTMENT
Criminal No. 97-091(JAF)
Page 35

Propietario Registral:Rafael A. Rizek y Alma Rincón
Arzuaga.

2. By virtue of the involvement of the assets set forth above
in violation of Title 18, Section 1956, United States Code, any and
all interest of the defendants in the above described assets is
forfeited to the United States pursuant to Title 18, Section
982(a)(1) and (2).

3. Substitute Assets. In the event any of the above
mentioned assets, as a result of any act or omission of the
defendants:

     1. cannot be located upon exercise of due diligence;

     2. has been transferred or sold to, or deposited with
       a third party;

     3. has been placed beyond the jurisdiction of this
       court;

     4. has been substantially diminished in value; or

     5. has been commingled with other property which
       cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 18,
Section 982(b)(1)(A) and (B), and Title 21, Section 853(p), United
States Code, to seek forfeiture of any other property of the
defendants, up to an amount equivalent to the value of the property
forfeitable under Section 982(a)(1) and (2), that is $1,394,358.95,
including but not limited to the following:

ONE URBAN LOT #38800, LOCATED AT APT. 701, COND. PLAZA
ATLANTICO, ISLA VERDE, PR, MORE FULLY DESCRIBED AT THE
PROPERTY REGISTRY FOR THE COMMONWEALTH OF PUERTO RICO AS
FOLLOWS:

URBANA: PROPIEDAD HORIZONTAL: Apartamento Residencial
#701 localizado en el lado Este del piso titulado 7 del

SECOND SUPERSEDING INDICTMENT
Criminal No. 97-091(JAF)
Page 36

edificio gobernado por el régimen de propiedad
horizontal, conocido por el nombre de Condominio Plaza
Atlántico. Dicho edificio se encuentra situado en la
carretera estatal #37 antes 187, kilómetro 0.1, sector
Isla Verde del término de Carolina, Puerto Rico. Este
Apartamento de forma irregular tiene una cabida
superficial de 2,586.46 pies cuadrados equivalentes a
240.38 metros cuadrados, colinda por el NORTE: en 38'10"
equivalentes a 11.84 metros con el espacio del area del
patio trasero que separa el edificio del area de playa
pública (zona marítima); SUR: en 37'3 ½ , equivalentes a
11.37 metros con el espacio aéreo del area de
estacionamiento y del area del patio delantero del
edificio que lo separa de la carretera estatal #37, antes
187; ESTE: en 108'10" equivalents a 33.19 metros con el
espacio aéreo del patio lateral derecho (Este) que separa
al edificio de la propiedad perteneciente al Condominio
Castillo del Mar; OESTE: en 82'11" equivalentes a 25.29
metros con paredes divisorias que los separa del
apartamento anexo, el #702, la escalera, el vestíbulo
localizado frente a los elevadores, los elevadores y el
cuarto del conducto del compactador. Se compone este
apartamento de su vestíbulo donde está localizada la
entrada principal que lo comunica con el vestíbulo de los
elevadores y le da salida al exterior, sala, family,
balcón, linen y storage closet (2) dormitorio principal
con su walk-in closet, 3 dormitorios adicionales con sus
closets, tres baños con vanity, laundry y cocina. (Folio
171 del tomo 811, finca #38800).

Propietario Registral: Yamil Kouri Peréz y Elena
del Pino del Valle.


**ONE RESIDENTIAL LOT, LOCATED AT 19 BUTTERFIELD RD,
LEXINGTON, MA, MORE FULLY DESCRIBED AS FOLLOWS:**

A certain parcel of land with the buildings and
improvements thereon situated in Lexington, Middlesex
County, Massachusetts, being shown as Lot 10A on a plan
entitled "Plan of Land in Lexington, Mass.", dated
September 12, 1990, prepared by the BSC Group - Bedford,
Inc., recorded with Middlesex South District Deeds in
Book 21173, Page 394. Containing 55,176 square feet of
land, according to said plan.
(Book 21173, Page 394.)

Owners: Yamil H. Kouri & Elena Kouri.


**ONE RESIDENTIAL LOT, LOCATED AT 16 VILLAGE CIRCLE,
LEXINGTON, MA, MORE FULLY DESCRIBED AS FOLLOWS:**

SECOND SUPERSEDING INDICTMENT
Criminal No. 97-091 (JAF)
Page 37

A certain parcel of land with the buildings thereon situated in Lexington, Middlesex County, Massachusetts, being shown as Lot 12 on a plan entitled "Village Circle, Subdivision Plan of Land in Lexington, Mass.", dated May 12, 1969, by E. Conrad Levy & Assoc. recorded with Middlesex South District Registry of Deeds in Book 11861, Page 428, bounded and described as follows: SOUTHERLY by Village Circle, ninety-seven and 56/100 (97.56) feet; WESTERLY by Lot 11 on said plan, one hundred thirty-eight (138) feet; NORTHERLY by land now or formerly of the Town of Lexington, two hundred one and 13/100 (201.13) feet; and EASTERLY by Lot 13 on said plan, one hundred thirty-eight (138). Containing 20,610 square feet of land, according to said plan.
(Book 11861, Page 428.)

Owner: Yamil Kouri

**ONE RESIDENTIAL LOT, LOCATED AT 120-122 SW 79th AVE., MIAMI, FLORIDA, MORE FULLY DESCRIBED AS FOLLOWS:**

Lot 22 and 23, and the North 15 Feet of Lot 21, in Block 8, of FLAGAMI THIRD ADDITION, according to the Plat thereof as recorded in Plat Book 17, at Page 59 of the Public Records of Dade County, Florida.
(Book 17, Page 59.)

Owners: Yamil H. Kouri & Elena del Pino de Kouri.

**ONE RESIDENTIAL LOT, LOCATED AT 316 NINTH STREET, JERSEY CITY, NJ, MORE FULLY DESCRIBED AS FOLLOWS:**

A certain parcel known and Designated as Lot 52, in Block 359 on a certain map entitled 'Map of Hamilton Park Townhouses II, Final to a Major Subdivision of Block 359 for proposed Ninth Street Development Corporation, Phase 211 filed in the Hudson County Registrar's Office on September 29, 1985 as Map No. 3047.

Owner: Yamil Kouri.

**ONE URBAN LOT #2120, LOCATED AT 1 STA. ANASTASIA ST., URB. EL VIGIA, CUPEY, PR, MORE FULLY DESCRIBED AT THE PROPERTY REGISTRY FOR THE COMMONWEALTH OF PUERTO RICO AS FOLLOWS:**

URBANA:  Solar #1 del plano de la Urbanización El Vigía, ubicado en el barrio Cupey de Rio Piedras, Puerto Rico, con una cabida superficial de 2,913.96 metros cuadrados, colindando por el: NORTE: con area dedicada a uso público a una distancia de 66.705 metros dedicados a uso público; SUR: con terreno de Norris E. Deliz, en una distancia de 67.03 metros y 8.20 metros adicionales; ESTE: con la calle #2 de la Urbanización El Vigía en una distancia de 59.80 metros; OESTE: con terrenos de Gabriel D. Gonzalez Couvertier, en una distancia de 28.79 metros.
(Folio 122 del tomo 55, Finca #2120).

Propietario Registral:  José Luis Alicea Reyes y Jeannette Awilda Sotomayor Vázquez.

**ONE URBAN LOT, LOCATED AT 9306 LYNFIELD DR., TAMPA, FLORIDA 36151, MORE FULLY DESCRIBED AS FOLLOWS:**

Lot 135, Block 1 of TIMBERLANE SUBDIVISION UNIT NO. 8-B, as per map of plat thereof as recorded in Plat Book 57 on Page 34 of the Public Records of HILLSBOROUGH County, Florida.

Owner: Jeannette E. Alicea.

**ONE URBAN LOT #6475, LOCATED AT 1-12 QUINTAS DE DORADO, DORADO, PR, MORE FULLY DESCRIBED AT THE PROPERTY REGISTRY FOR THE COMMONWEALTH OF PUERTO RICO AS FOLLOWS:**

URBANA:  Solar radicado en la Urbanización Quintas de Dorado situada en el barrio Higuillar de Dorado, Puerto Rico, que se describe en el plano de inscripción de dicha Urbanización, con el #12 del bloque I, area del solar

SECOND SUPERSEDING INDICTMENT
Criminal No. 97-091(JAF)
Page 39

471.25 metros cuadrados, en lindes por el: NORTE: en
25.00 metros con el solar 11 del bloque I; SUR: en 25.00
metros con el solar #12 del bloque I; ESTE: en 18.85
metros con el solar 28 del bloque I; OESTE: en 18.85
metros con la Avenida Boulevard Sur. (Folio 20 del tomo
137, finca #6475).

Propietario Registral: Angel Luis Corcino Mauras y
Evelyn de Choudens

**ONE RURAL LOT #2615, LOCATED AT 9 BRISAS DEL YUNQUE,
CANOVANAS, PR, MORE FULLY DESCRIBED AT THE PROPERTY
REGISTRY FOR THE COMMONWEALTH OF PUERTO RICO AS FOLLOWS:**

RUSTICA: Solar marcado con el #9 de la Urbanización
Brisas del Yunque, localizada en el Barrio Hato Puerco,
hoy Canóvanas del Término Municipal de Loiza, Puerto
Rico, con un area de 2,452.00 metros cuadrados, en lindes
por el: NORTE: en 61.00 metros con el solar #11 de la
Urbanización; SUR: En 61.30 metros con el solar #8 de la
Urbanización; ESTE: en 40.00 metros con la calle
Principal que da acceso a los solares de la Urbanización;
OESTE: en 40.01 metros con terrenos propiedad de Muñiz y
Muñiz.
(Folio 90 del tomo 41, Finca #2615 [antes #68311].

Propietario Registral: Juan E. Rizek y Brunequilda
Bonnelli de Rizek.

**ONE URBAN LOT #7154, LOCATED AT 5 & 6, BLOCK G, URB.
EXTENSION REPARTO PARAISO, SECCION 5, RIO PIEDRAS, PR,
MORE FULLY DESCRIBED AT THE PROPERTY REGISTRY FOR THE
COMMONWEALTH OF PUERTO RICO AS FOLLOWS:**

URBANA: Solar compuesto de los solares 5 y 6 del Bloque
G de la Urbanización Extensión Reparto Paraíso, Sección
5ta., radicado en el Barrio Monacillos de Rio Piedras,
compuesto de 1050 metros cuadrados, en lindes por el
NORTE: en 30 metros con la calle #1 de la Urbanización;
SUR: en 30 metros con los solares #13 y #14 del bloque G;
ESTE: en 35 metros con el solar #4 del bloque G; y por el
OESTE: en 35 metros con el solar #7 del bloque G de la
Urbanización. (Folio 102 del tomo 91, Finca #2977; Folio
291 del tomo 132, Finca #4078).

Propietario Registral: Juan Enrique Rizek Nassar y
Brunequilda Bonnelli Valverde.

**ONE URBAN LOT #3371, LOCATED AT 1713 GERANIO ST., URB.
SAN FRANCISCO, SAN JUAN, PR, MORE FULLY DESCRIBED AT THE**

SECOND SUPERSEDING INDICTMENT
Criminal No. 97-091(JAF)
Page 40

PROPERTY REGISTRY FOR THE COMMONWEALTH OF PUERTO RICO AS
FOLLOWS:

URBANA:   Solar radicado en el Reparto San Francisco del
Barrio Monacillos de Rio Piedras, hoy Capital de Puerto
Rico, que se marca con el número 7 en el bloque "I" del
plano de inscripción, con una cabida superfical de
1200.40 metros cuadrados, colindando por el: OESTE: su
frente, en una distancia de 36.35 metros con la Calle
Geranio; ESTE: su fondo, en una distancia de 27.11 metros
con el solar #6 del bloque "I" del plano de inscripción
propiedad de Sein Realty Company, Inc.; SUR: Su derecha
entrando, en una distancia de 36.40 metros con el solar
#9 del bloque "I" del plano de inscripción propiedad de
Sein Realty Company, Incorporado, separado por una acera
o sendero; NORTE: su izquierda entrando, en una distancia
de 39.21 metros con el solar #5 del bloque "I" del plano
de inscripción propiedad de Sein Realty Company, Inc.
(Folio 57 del tomo 94, Finca #3371).

Propietario Registral:Rafael A. Rizek y Alma Rincón
Arzuaga.

ONE URBAN LOT, LOCATED AT 13990 SW MIAMI, FLORIDA, MORE
FULLY DESCRIBED 18, TERRACE, AS FOLLOWS:

Lot 13, in Block 2 of BELKYS SUBDIVISION, according to
the Plat thereof as recorded in Plat Book 129 at Page 87
of the Public Records of Dade County, Florida.

Owners: Armando Borel & Maria Elena Borel.

TRUE BILL

_____
FOREPERSON


GUILLERMO GIL
UNITED STATES ATTORNEY

_____
JORGE E. VEGA-PACHECO
ASSISTANT UNITED STATES ATTORNEY
CHIEF, CRIMINAL DIVISION

_____
MARIA A. DOMINGUEZ VICTORIANO
ASSISTANT UNITED STATES ATTORNEY


Dated:  _____2/11/98_____